## BUCHANAN v TAX COMMISSION

Ohio Appeals, 1st Dist., Hamilton Co.

No. 6079.    Decided Feb. 2, 1942.

Carl Lehmann, Cincinnati, and Albert H. Leeker, Cincinnati, for appellee.

Thomas J. Herbert, Columbus, and Aubrey A. Wendt, Akron, for appellants.

## OPINION

By MATTHEWS, PJ.

The taxability of the intangibles involved in this case (corporate stock) depends upon the residence of the owner on tax listing days in the years 1932, 1933, and 1934.

The Tax Commission found that the owner had been a resident of Ohio on the dates in question, and, thereupon, levied an assessment against him on the basis of an income producing intangible.

On appeal the Common Pleas Court found that the owner had not been a resident of Ohio and vacated the assessment. The case is here on appeal from that judgment.

It would serve no purpose for this Court to enter into a discussion of the legal definition of the term residence. The trial court has done that in its opinion, to which we refer. The only question is whether there was substantial evidence that the owner was a resident of Hamilton County, Ohio.

In Lynch v Heuck, Auditor, 58 Oh Ap 406, we reviewed the authorities on the subject of the extent of judicial review of the rulings of administrative boards exercising an admixture of governmental powers, and reached the conclusion that only in instances where the administrative board disregarded the law conferring power upon it by acting fraudulently, arbitrarily, or otherwise, could the courts disturb its decision.

Now in the case at bar the jurisdiction to make this assessment depended upon the residence of the owner. Substantial evidence of that jurisdictional fact was essential to the validity of the assessment. That is the essence of the statement of the court in Stanton v Tax Commission, 114 Oh St 658, at 682, where the court says that the actions of the Tax Commission which are of a ministerial, administrative, and executive character are subject to judicial review only to determine whether

2

the commission had acted in a lawful manner.

We have examined the record to determine whether there was any substantial evidence that the owner was a resident of Hamilton County, Ohio, at the times in question.

That he was a resident of Hamilton County, Ohio, prior to July 1st, 1929, is admitted.

That he was a citizen of the United States during all this time is undisputed, but that fact had no tendency to prove he was a resident of the United States. That he had a fiscal agent in Ohio is equally barren of probative value. The fact that this agent without his direction filed his federal income tax in the Ohio district instead of in the Baltimore district, as permitted or required by the Act of Congress for the United States citizens domiciled abroad signifies little, if anything, as to the domiciliary intention of the owner. The only other item of evidence relied upon is contained in a letter from the owner's employer to the Tax Commission, stating that when he (the appellee) left on July 1, 1929, it gave him a "leave of absence because of ill health". That would show that his employer expected or hoped its employee would return, but it would certainly be very slight evidence of the intention of the employee. And the letter shows that if the employer had such an expectation, it must have relinquished it almost immediately because in the same letter the employer states that the owner left "almost immediately after that date for France and made his home in Paris until September 1, 1930, at which time he was made director in charge of sales of Thos. Hedley & Co., Newcastle on Tyne, England, a subsidiary of this company", and that he had continued to hold that position and "has resided in England ever since September 1st, 1930, and had been in the United States but once and that only on a few days when he had some business here which required his presence here."

None of these items considered separately has any substantial tendency to prove that the owner was a resident of Ohio in 1932, 1933, or 1934. And combining them does not strengthen the chain of probation. They do not even suggest a nostalgia for the earlier home.

As opposed to this evidence, the declarations of the owner proven and corroborated by disinterested witnesses and all the circumstantial evidence combine to clearly and convincingly prove that the owner relinquished his residence here on July 1, 1929, with the intention of permanently residing abroad and that he held steadfastly to that intention during all the years since then.

We hold that, considering all the evidence in the record, the only reasonable conclusion is that the owner resided in England during the time in question and that there is no substantial evidence that he resided in Ohio during said period. The Tax Commission was, therefore, without jurisdiction to make this assessment.

The judgment of the Court of Common Pleas is affirmed.

HAMILTON and ROSS, JJ., concur.